UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYCO CONSTRUCTION CO., INC., d/b/a CLAYCO INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:20MC524 HEA |
| MILES CONSTRUCTION GROUP, INC., | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Clayco Construction Co., Inc.'s ("Clayco") Motion to Confirm Arbitration Award [Doc. No. 1]. Defendant Miles Construction Group, Inc. ("Miles") filed a response styled "Objection to Plaintiff Clayco Construction Co., Inc.'s Motion to Confirm Arbitration Award and Motion for Clarification of Award," [Doc. No. 2] to which Plaintiff replied.

## Background

Clayco brings this action to confirm an arbitration award and for entry of judgment against Miles pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"). The arbitration and award in this case arise from subcontracts entered into between the parties (the "Subcontracts"). Clayco had entered into a contract with non-party Jet Aviation of America, Inc. to design and construct a hangar, support spaces, and FBO in Van Nuys, California (the "Project"). Clayco

subcontracted portions of its scope of work under the contract to Miles through the Subcontracts. One of the Subcontracts required Miles to furnish hangar doors for the Project for $712,947.00. The other Subcontract required Miles to construct and install a pre-engineered metal building and insulated metal panels ("IMP's") for $4,041,563.00. The Subcontracts incorporated the Project's progress schedule, and required Miles to provide all necessary materials, labor, equipment, supplies, and services to diligently prosecute its work in accordance with the progress schedule. Miles agreed that time was of the essence. The Subcontracts also required Miles to timely pay its sub-subcontractors and suppliers, and to promptly resolve or bond over any liens that the sub-subcontractors or suppliers filed against the Project. The Subcontracts provided that if Miles failed to do so, Clayco could and would resolve such liens at Miles' expense.

  Clayco alleges that Miles failed to construct the hangar doors and IMPs by the time specified in the progress schedule, forcing Clayco to take over construction of Miles' scope of work in the Subcontracts, although Miles denies this. Clayco alleges that Miles also failed to pay its own sub-subcontractors and suppliers, resulting in Clayco having either to pay sub-subcontractors and suppliers directly to avoid liens, or to pay the liens that were filed on the Project, although Miles denies this and alleges that it was unable to pay its subcontractors because

Clayco stopped making progress payments to Miles from which it could pay its subcontractors.

The Subcontracts each contained an arbitration clause dictating the dispute resolution process which includes submission to the American Arbitration Association ("AAA").  Clayco submitted the dispute to the AAA and on July 6, 2020, the Arbitrator issued an award in Clayco's favor in the amount of $1,327,871.40. The Arbitrator further found that a setoff of $735,528.10 was warranted for amounts Clayco had held in retention. The arbitration award thus ordered Miles to pay Clayco the sum of $592,343.30 (the "Award Balance"). The arbitration award further stated that "[p]ost-judgement interest shall accrue on any amounts not paid by within thirty (30) days of the delivery of this Award, at the rate established by Missouri law," i.e., nine percent per annum. Clayco states that Miles has not paid the Award Balance and has brought this action seeing a Judgment from the Court confirming the arbitration award.

In its answer to Clayco's Motion, Miles states that with respect to the arbitration award, "the documents filed by Clayco in support of its proposed Award, adopted by the Arbitrator, showed that Clayco sought recovery from Miles for payments it had made or was anticipating making on liens and other claims made by Miles' subcontractors." Miles also states that payment of the Award Balance is "pending commitment from Clayco that it would satisfy the claims of

Miles's subcontractors, and resolve the pending lien claims they filed." In response to Clayco's contention that no motion to vacate, modify, or correct the arbitration award has been filed by either party, Miles states that its response filing is a motion "for the purpose of seeking clarification of the Award and an order requiring Clayco to satisfy the claims of those subcontractors of Miles who have filed lien claims and were paid direct by Clayco which were a part of Clayco's supporting documents filed with its proposed Award."

Specifically, Miles argues that Clayco's calculations which were adopted by the arbitrator in the arbitration award included amounts representing either direct payments made by Clayco to a number of Miles' subcontractors, or unsatisfied lien claims filed by Miles' subcontractors, which Clayco acknowledged it would pay direct. The direct payment and unsatisfied liens in question total $618,024.10. Miles claims that the parties "discussed and agreed at the mediation that there was no dispute Clayco would honor these direct payments out of any arbitration Award, and it was stipulated by the parties that these costs were reasonable and should be made by Clayco." Miles argues the arbitration award (as submitted by Clayco and adopted by the arbitrator) does not clearly articulate that Clayco is required to honor those stipulations agreed to by all parties at the mediation. Miles "requests that the Court require Clayco to honor the agreement reached at the mediation, and as was suggested by them in filing their proposed Award, and require Clayco to

satisfy" or acknowledge the unsatisfied liens or direct payments that total $618,024.10.

## Discussion

Judicial review of the arbitration award is permitted under 9 U.S.C. § 9. *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 581-82, 128 S.Ct. 1396, 1402, 170 L.Ed.2d 254 (2008). Courts " 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Id.* at 582. As stated by Clayco, unless the opposing party moves for vacatur under 9 U.S.C. § 10 or modification or correction under 9 U.S.C. §11, the court "has no choice but to confirm." *UHC Mgmt. Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992, 997 (8th Cir. 1998). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Medicine Shoppe International, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010) (quoting *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

Clayco argues that this Court should confirm the arbitration award for three reasons: First, Clayco argues that Miles' combined Objection/ Motion is a legal nullity because Miles failed to file a motion under FAA § 10 or § 11; Second, Clayco states that even if Miles' Motion is construed as a motion to modify or correct under § 11, Miles has not sought modification or correction under one of

the three "exclusive" reasons the FAA allows; Third, Clayco asserts that Miles' Motion is moot because "Clayco has stated it would pay off the liens Miles' subsubcontractors and suppliers filed and which Clayco has already bonded."

The Court is bound by the FAA to confirm the arbitration award. Sections 10 and 11 plainly set out the circumstances under which an award can be vacated, modified, or corrected. Miles did not mention § 10 or § 11 in its Objection and Motion for Clarification of the Award, not did it allude to the provisions thereof. For example, § 11 provides that a district court may make an order modifying or correcting the award:

> **(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> **(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> **(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. Miles did not allege anything resembling the above circumstances. Although Clayco made arguments why Miles' Objection and Motion could not be construed as a motion under § 11, the Court does not reach this issue. It is not the duty of the Court to try to parse a valid legal argument from Miles' filing. Neither an "Objection" nor a "Motion for Clarification" is prescribed by the FAA,

therefore there exists no basis for the Court to deny Clayco's Motion to Confirm the Award.

Moreover, Clayco has communicated to Miles that Clayco would pay the liens it had bonded.[1] This communication occurred well before Miles filed their Objection and Motion but was not addressed in that document. In any case, there is no evidence that Clayco will dishonor the agreement that the parties contemplated in mediation, rather there is evidence to the contrary. Miles' request for relief is not only not contemplated by the FAA, but it is also seemingly moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Clayco Construction Co., Inc.'s Motion to Confirm Arbitration Award, [Doc. No. 1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Miles Construction Group, Inc.'s Objection to Plaintiff Clayco Construction Co., Inc.'s Motion to Confirm Arbitration Award and Motion for Clarification of Award, [Doc. No. 2] is **DENIED**.

---

[1] Clayco's counsel wrote in a July 29, 2020 email to Miles' counsel:

"The FAA provides a 90 day window to challenge an arbitration award under the limited grounds provided in the statutes. Clayco will wait until that period has expired without challenge, or resolution of any such challenge in Clayco's favor, to pay the liens that it has bonded. If, however, Miles will enter and waive any challenge, Clayco will proceed with payment immediately."

**IT IS FURTHER ORDERED** that the arbitration award entered on July 6, 2020 is confirmed in its entirety.

Dated this 15th day of September, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE